TERRELL, Acting Chief Justice.
March 5, 1948, Carl Ward and Maud L. Ward, his wife, purchased several parcels of land in Georgia from Carl Ward’s “Uncle Will,” the only one of said parcels involved in this litigation being located at 105 North Church Street, Dublin, Laurens County, Georgia. January 30, 1950, Carl Ward and Maud L. Ward sold the Church Street property to R. D. Faircloth. A note representing the balance due was secured by “security deed” on the property. The note and “security deed” were executed in favor of Carl Ward and Maud L. Ward, as tenants by the entirety. The note was payable at the rate of $38.85 per month, Carl and Maud L. Ward were divorced at Starke, Bradford County, Florida, August 4, 1951, no reference to any property being made in the final decree of divorce. Maud L. Ward later married one Bush and is now Maud L. Ward Bush.
*12 March 3, 1950, Carl Ward wrote R. D. Faircloth a letter in which he told him that in the future he should make the checks for payments on the house each month to Maud L. Ward. Faircloth was not satisfied with his authorization and wrote Carl Ward a letter dated March 20, 1950, for more specific authority. Said request produced the following letter dated March 27, 1950:
“Jacksonville, Fla. “March 27, 1950
“Mr. R. D. Faircloth “Dublin, Ga.
“Dear Sir:
“This is your authority to make the payments for the property at one-o-five Church St. to Maud L. Ward. [Emphasis supplied]
“Signed Carl Ward
“Notary Public “County of Duval “State of Florida
“Signed and Sealed before me this 27th day of March 1950
“Notary Public
“Seal
s/ Reba Doris Sharp “Notary Public, State of Florida at Large, My Commission expires: Feb. 17, 1953, Bonded by New Amsterdam Casualty Co.”
April 28, 1954, Carl Ward died intestate at Starke, Florida, being at the time a resident of Jacksonville, Duval County, Florida. After his death Maud L. Ward Bush, his ex-wife, went to Dublin, Georgia, and collected the balance due on the note, approximately $2,600. At that time, June 15, 1954, she [Maud L. Ward Bush] made an affidavit that she was the sole heir at law of Carl Ward, deceased, when in truth she was not related to him, they having been divorced. At the same time she executed a satisfaction on the records of Laurens County, Georgia, of the security deed heretofore referred to.
Being of the view that the letters herein referred to did not pass or intend to pass title to the note and “security deed” in question, appellant, as plaintiff, brought this action for declaratory judgment against Maud L. Ward Bush and R. D. Faircloth to recover one-half of the unpaid principal, balance due on said note from R. D. Faircloth at the time of the death of Carl Ward, April 28, 1954. Appellees’ answer admitted most of the allegations of the complaint but denied that Carl Ward had any interest in the note at the time of his death, contending that the three letters referred to herein constituted an assignment of the note in full to Maud L. Ward and that the satisfaction given by her to R. D. Faircloth June 15, 1954, was a bar to any action against Faircloth. It appears that no evidence was taken but the deposition of Faircloth, however, the letters and pleadings were before the court. Motion for summary judgment on behalf of appellant was denied, but motion for summary judgment on behalf of appellees was granted. This appeal is from the latter j udgment.
The point for determination is whether or not the correspondence between Carl Ward and R. D. Faircloth amounted to an assignment of Ward’s interest in the note to Maud L. Ward.
The Circuit Court gave an affirmative answer to this question and we think right *13 ly so. A reading of the entire correspondence supports the chancellor’s view. The land was purchased from W. W. Ward, an uncle of Carl Ward who admits in the first letter that “Uncle Will” wanted it done that way “besides it will help me to keep up with my income tax.” In Fair-cloth’s letter of March 20, 1950, he required letter with signature notarized and witnessed as authority to pay over to the wife. In Carl Ward’s letter of March 27, 1950, quoted above, he says “this is your authority, to make the payments for the property at one-o-five Church St. to Maud L. Ward.” Carl Ward and Maud L. Ward were divorced in August of 1951, and Carl Ward died in April, 1954, more than three years after the instructions to pay to Maud L. Ward were given and no different instructions were given. The note was paid in full by Faircloth on authority of the letter quoted herein, “This is your authority, to make the payments for the property at one-o-five Church St. to Maud L. Ward.” It was notarized and sworn to and was ample authority for the payments. The letter amounted to nothing more than an assignment or gift of a chattel or chose in action and was sufficient for that purpose. On the whole showing: the Chancellor was right.
His judgment is therefore affirmed.
Affirmed.
HOBSON and BUFORD, JJ., concur.
CROSBY, Associate Justice, concurs specially.